UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 3:18-cr-00019-LRH-CLB |
|---|---|
| Plaintiff, | ORDER [FILED UNDER SEAL] |
| v. | |
| STONEY PRIOR, | |
| Defendant. | |

On September 3, 2020, the Government filed a motion to preclude Defendant from cross-examining deposition witness D.A. on her criminal history. ECF No. 104. Defendant's response was due on September 17, but to date nothing has been filed. Defendant did file his Exhibit List on September 11, which listed D.A.'s criminal history as Exhibit 501, and would indicate to the Court that it is his intention to cross examine D.A. on this information at the deposition. *See* ECF No. 116.

Specifically, the Government seeks to preclude Defendant from impeaching D.A.'s character for truthfulness using her two misdemeanor convictions under Federal Rule of Evidence 609. The Government provides that both convictions are over 10 years old, and that Defendant has not provided the Government with a notice of its intent to cross exam on these issues.

Federal Rule of Evidence 609 is clear. "[I]f more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later, . . . [e]vidence of the conviction is admissible only if: (1) its probative value, supported by specific facts and

1

circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

The two misdemeanor convictions the Government seeks to preclude are for (1) disturbing the peace, for which she was sentenced to a fine of $347 on June 28, 2006; and (2) Driving under the Influence of Alcohol, for which she was sentenced to 10 days jail and $500 fine on August 11, 1997. Defendant's Deposition Exhibit 501. Both convictions are well outside the 10-year period. The District of Nevada has previously held that a conviction for driving under the influence is not a crime involving dishonesty or false statement and therefore, is not admissible. *See US v. Thurber*, Case No. 3:05-CR-00080-BES-RAM, 2007 U.S. Dist. LEXIS 111626, at *5-6 (April 26, 2007). The Court agrees and will accordingly preclude Defendant from cross-examining D.A. on this conviction. The Court further finds that D.A.'s conviction for disturbing the peace also does not involve any element of dishonesty or false statements, and likewise precludes Defendant from cross examining D.A. on this conviction. *See U.S. v. Foster*, 227 F.3d 1096, 1100 (quoting *U.S. v. Ortega*, 561 F.2d 803, 806 (9th Cir. 1977)) (reasoning that it is the "intent of the draftsmen of Rule 609 [to limit] the 'dishonesty and false statement' language to those crimes that involve some element of misrepresentation or other indicium of a propensity to lie and [to exclude] those crimes which, bad though they are, do not carry with them a tinge of falsification[.]").

IT IS THEREFORE ORDERED that the Government's motion in limine (ECF No. 104) is **GRANTED.**

IT IS FURTHER ORDERED that the Clerk of Court is to **SEAL** this Order.

IT IS SO ORDERED.

DATED this 21 day of September, 2020.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE