1
2
3
4
5
6                        UNITED STATES DISTRICT COURT

7                           DISTRICT OF NEVADA

8                                      * * *

9    UNITED STATES OF AMERICA,              Case No. 3:18-cr-00019-LRH-CLB

10                            Plaintiff,      ORDER

11          v.

12   STONEY PRIOR,

13                            Defendant.

14

15          On February 14, 2018, Defendant Stoney Prior was indicted on two counts of First-Degree

16   Murder Within Indian Country, pursuant to 18 U.S.C. §§ 1111, 1151, 1153, for the killings of A.S.

17   and A.H., two Native American women on the tribal lands of the Fort McDermitt Indian

18   Reservation on or about January 31, 2018. ECF No. 12. The Grand Jury returned a superseding

19   indictment on September 3, 2020, on two counts of Second-Degree Murder Within Indian Country,

20   pursuant to 18 U.S.C. §§ 1111, 1151, 1153. ECF No. 105. Trial is set to begin December 7, 2020,

21   with jury selection to take place in Elko, Nevada, on December 3 and 4, 2020. ECF No. 137.

22          Before the Court are two motions to suppress statements and physical evidence filed by

23   Defendant. ECF Nos. 78 & 80. The Government responded (ECF Nos. 89 & 88), and Defendant

24   replied (ECF Nos. 100 & 99). The Court heard oral argument and testimony on these motions on

25   October 16, 2020, and October 23, 2020. ECF Nos. 150 & 160. At the conclusion of oral argument,

26   the Court ruled from the bench and denied in part Defendant's motion to suppress statements from

27   February 6, 2018.  ECF No. 160.

28   ///

                                              1

In both its briefing and at oral argument, the Government indicated that it did not intend to introduce either Defendant's statements from the January 31, 2018 or February 3, 2018 interrogations or any of the evidence collected from Defendant's room pursuant to the consent to search form Defendant signed during the January 31, 2018 interrogation. Given that proffer, the Court finds that it is not necessary at this time to rule on the admissibility of these statements or the physical evidence recovered. The Court appreciates the presentation of evidence and the work of counsel. And should it become necessary for the Court to rule on the admissibility of these statements or evidence at trial, the issues have been well briefed and presented and the Court is in a position to make a judicious ruling without needlessly wasting the time of the parties or jurors.

IT IS THEREFORE ORDERED that the Court **DEFERS** ruling on the additional arguments in Defendant's motions to suppress (ECF Nos. 78 & 80) related to Defendant's January 31, 2018 and February 3, 2018 statements, and the evidence collected from Defendant's room pursuant to the consent to search form Defendant signed during the January 31, 2018 interrogation.

IT IS FURTHER ORDERED that Defendant's request to file Dr. Leany's expert report under seal is **GRANTED** *nunc pro tunc* as it contains information protected by HIPAA.

IT IS SO ORDERED.

DATED this 26th day of October, 2020.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

2