UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:18-cr-00019-LRH-CLB |
| Plaintiff, | ORDER |
| v. | |
| STONEY PRIOR | |
| Defendant. | |

On September 3, 2020, the Grand Jury returned a superseding indictment on two counts of Second-Degree Murder Within Indian Country, pursuant to 18 U.S.C. §§ 1111, 1151, 1153, for the killings of A.S. and A.H., two Native American women on the tribal lands of the Fort McDermitt Indian Reservation on or about January 31, 2018. ECF No. 105. Trial was set to begin December 7, 2020, with jury selection to take place in Elko, Nevada, on December 3 and 4, 2020; however, due to the rise in positive COVID-19 cases in both Washoe and Elko Counties, the Court vacated the trial date to protect the health and safety of all involved in this case. ECF No. 174.

Before the Court is Defendant's motion in limine (ECF No. 162) to preclude certain evidence under Federal Rules of Evidence 401, 402, 403, and 404, and the Government's motion in limine (ECF No. 168) to preclude impeachment of witnesses by cross-examination of their criminal history. The Government responded to Defendant's motion (ECF No. 173); Defendant did not respond to Government's motion. For the following reasons, the Court grants in part and denies in part Defendant's motion and grants the Government's motion.

I.      **LEGAL STANDARD**

A motion *in limine* is "used to preclude prejudicial or objectionable evidence before it is presented to the jury." Stephanie Hoit Lee & David N. Finley, *Federal Motions in Limine* § 1:1 (2019). The decision on a motion in limine is consigned to the district court's discretion—

1

1    including the decision of whether to rule before trial at all. *See Hawthorne Partners v. AT&T*

2    *Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (noting that a court may wait to resolve the

3    evidentiary issues at trial, where the evidence can be viewed in its "proper context").  Motions in

4    limine should not be used to resolve factual disputes or to weigh evidence, and evidence should

5    not be excluded prior to trial unless the "evidence is clearly inadmissible on all potential grounds."

6    *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).  Even then, rulings

7    on these motions are not binding on the court, and the court may change such rulings in response

8    to developments at trial. *See Luce v. United States*, 469 U.S. 38, 41-42 (1984).

9    　　　　Generally, all relevant evidence is admissible. FED. R. EVID. 402. Evidence is relevant if

10   "it has any tendency to make a fact more or less probable than it would be without the evidence."

11   FED. R. EVID. 401. The determination of whether evidence is relevant to an action or issue is

12   expansive and inclusive. *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384-87

13   (2008). However, the court may exclude otherwise relevant evidence "if its probative value is

14   substantially outweighed by the danger of" unfair prejudice. FED. R. EVID. 403.  Further, evidence

15   may be excluded when there is a significant danger that the jury might base its decision on emotion,

16   or when non-party events would distract reasonable jurors from the real issues in a case. *See*

17   *Tennison v. Circus Circus Enterprises, Inc.*, 244 F.3d 684, 690 (9th Cir. 2001); *United States v.*

18   *Layton*, 767 F.2d 549, 556 (9th Cir. 1985).

19   **II.　　DISCUSSION**

20   　　　　**Defendant's motion in limine (ECF No. 162) is denied in part and granted in part.**

21   　　　　First, Defendant seeks exclusion of Defendant's school suspension history, criminal

22   history, including his past conviction for rape, and rumors that he is a "child molester". The

23   Government argues this motion should be denied as moot because it has no intention of introducing

24   any of the listed evidence in its case-in-chief. It reserves the right to introduce this evidence should

25   defendant open the door and/or choose to testify. It also notes that it intends to have witnesses G.C.

26   and R.S. testify that Defendant confessed to them that he killed A.H. and A.S., and did so because

27   they were "calling him a molester," a "child molester," and a "rapist." The Government argues

28   that such evidence is admissible as both confessions by Defendant and as evidence of motive. The

1   Government does not intend to prove that the statements are true by introducing his sexual assault

2   conviction, that he is a registered sex offender, or any other "rumor." The Court finds that this is

3   admissible evidence. *See* FED. R. EVID. 801(d)(2) (opposing party's statement). The Court is

4   inclined to offer a cautionary instruction to ensure the jury considers this evidence for the limited

5   purpose for which it is intended to be introduced. The Court suggests the parties discuss a mutually

6   agreed upon cautionary instruction in advance of trial.

7          Second, Defendant seeks to exclude 461 calls Defendant has made while in jail, or in the

8   alternative, require the Government to articulate which calls it intends to introduce at trial. At the

9   time of the Government's filing, it articulates that it provided Defendant with a single jail call that

10   it intends to introduce in its case-in-chief, but argues that it reserves the right to introduce

11   additional jail calls after it hears Defendant's case and cross-examination of certain Government

12   witnesses. The Court finds that the Defendant will have had the jail calls for more than 2 years

13   prior to trial—the Government provided the 461 jail calls to defense on December 3, 2018. That

14   is more than enough time for the Defendant to become well versed in the contents of these calls.

15   The Government has also articulated the call it intends to use in its case-in-chief, and that others

16   will be in response to Defendant's case and cross-examination of witnesses. The Court finds that

17   a blanket exclusion of these calls without context is improper. The Court defers ruling on the

18   admissibility of each call based on the relevancy or prejudicial effect of the call until it can be

19   considered in light of the evidence presented at trial, or Defendant can articulate why the Court

20   should exclude a particular call on these grounds. Likewise, the Court will not rule on the

21   admissibility of the jail calls from September and October 2020, disclosed to Defendant on

22   November 3, 2020, until a motion as to these specific calls is submitted.

23          The Defendant further requests that any jail call be "sanitized" to preclude any reference

24   that Defendant is in custody. The Court agrees with the Government that if it intends to introduce

25   a jail call into evidence, it must be done properly, which would include authenticating the call and

26   proving that it was Defendant that made the call. Here, there is an "obvious and relevant reason"

27   to reference defendant's custodial status—to authenticate and properly admit evidence—and

28   therefore, the Court will permit the Government to offer evidence that would indicate Defendant

3

1  was/is in custody. *See U.S. v. Washington*, 462 F.3d 1124, 1137 (9th Cir. 2006). The Court suggests

2  that the parties come to a mutually acceptable agreement or stipulation on how calls will be

3  introduced. The Court notes that it would also be inclined to give a cautionary jury instruction and

4  suggests that the parties discuss a mutually acceptable instruction in advance of trial.

5  　　　　Finally, Defendant seeks to preclude family members of the victims from wearing

6  "expressive clothing or engaging in other visual representations memorializing the victims." It is

7  the Court's view that such clothing and representations do not have a place in the Courtroom. The

8  Court will instruct security officers and U.S. Marshals to remind those seated in the gallery that

9  neither their dress nor any visual representations should appeal to sympathy for the victims or

10  attempt to illicit strong feelings of prejudice or support for either side. The Court requests the

11  parties articulate this ruling to any individuals they expect will attend the trial.

12  **III.    CONCLUSION**

13  　　　　IT IS THEREFORE ORDERED that Defendant's motion in limine (ECF No. 162) is

14  **DENIED in part and GRANTED in part.**

15  　　　　IT IS FURTHER ORDERED that the Government's motion in limine (ECF No. 168) is

16  **GRANTED**; Defendant's failure to respond constitutes consent to granting this motion. *See*

17  LCR 47-3.

18  　　　　IT IS FURTHER ORDERED that Defendant's motion to add an exhibit to his motion to

19  suppress evidentiary hearing exhibit list (ECF No. 170) is **GRANTED**. Given that the Government

20  does not oppose the inclusion (*see* ECF No. 175), the Court will permit Defendant to add, as

21  Exhibit 513, the "uncorrupted version of Dr. Leany's report." Because the report contains

22  information protected by HIPAA, the Court permits Defendant to file this exhibit under seal.

23  　　　　IT IS SO ORDERED.

24  　　　　DATED this 23rd day of November, 2020.

25  　　　　　　　　　　　　　　　　　　　　LARRY R. HICKS
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

26

27

28

4