1
2
3
4
5
6

UNITED STATES DISTRICT COURT

7

DISTRICT OF NEVADA

8

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>   v.<br><br>STONEY PRIOR,<br><br>                 Defendant. | Case No. 3:18-cr-00019-LRH-CLB<br><br>SEALED ORDER |

Before the Court is Defendant Stoney Prior's *ex parte* application and affidavit in support of the issuance of subpoenas pursuant to Federal Rule of Criminal Procedure 17(a) and 17(b) AND Local Rule of Criminal Practice 17-1, filed under seal. ECF No. 183-s.[1] For the reasons contained within this Order, the Court Orders the subpoenas issued with the modifications contained herein.

## I.    BACKGROUND

On September 3, 2020, the Grand Jury returned a superseding indictment on two counts of Second-Degree Murder Within Indian Country, pursuant to 18 U.S.C. §§ 1111, 1151, 1153, for the killings of A.S. and A.H., two Native American women on the tribal lands of the Fort McDermitt Indian Reservation on or about January 31, 2018. ECF No. 105. Trial is now set for August 9, 2021, with jury selection to take place in Elko, Nevada, on August 5 and 6, 2021. ECF No. 178.

On December 10, 2020, Defendant filed an *ex parte* application and affidavit in support of the issuance of subpoenas. ECF No. 180-s; corrected ECF No. 183-s. The proposed subpoenas requested the production of medical records of Delores Abel. Ms. Abel is a now-deceased

---

[1] The "-s" designates that the filing is under seal.

government witness who testified at a Rule 15 deposition on September 21, 2020. During the deposition, Ms. Abel articulated that she had stage IV cancer, and had come directly from the hospital to testify. ECF No. 183-2-s at 22, 25. She also indicated that she was on pain medications, though she could not recall the specifics of the medications, and was currently in pain as she was testifying. *Id.* at 17, 22.

Having concerns regarding this subpoena, the Court ordered the Defendant to show cause why (1) Ms. Abel's medical records are not protected by HIPAA and doctor-patient confidentiality; (2) Defendant's request for her medical records over a three year period is not overly broad; (3) Ms. Abel's estate and/or legal representative should not be given notice and the opportunity to object to the requested subpoena before it is issued; and (4) the Government should not have the option to respond and argue against this subpoena. ECF No. 184-s. The Court further Ordered that Defendant show cause why any part of Ms. Abel's medical history is relevant and material to this case, and necessary to an adequate defense. *Id.* Defendant responded arguing that neither HIPAA nor physician-patient privilege protects Ms. Abel's medical records; that there is no requirement that Ms. Abel's estate be given notice or an opportunity to object to the requested subpoena; and that Ms. Abel's prescription drug use is relevant and material as it relates to her credibility and impeaching the reliability of her testimony. ECF No. 185-s.

## II.    LEGAL STANDARD

Prior filed his application for subpoena under Federal Rule of Criminal Procedure 17, which governs issuance of subpoenas in criminal proceedings. Rule 17(a) states that a subpoena "must state the court's name and the title of the proceeding, including the seal of the court, and command the witness to attend and testify at the time and place the subpoena specifies." Rule 17(b) permits *ex parte* applications "if the defendant shows an inability to pay the witness's fees and necessity of the witness's presence for an adequate defense." This District has previously stated that "the *ex parte* nature of a Rule 17(b) application serves to put a defendant on equal footing with the Government because the Government is not required to give a defendant notice as to those witnesses that it intends to subpoena to testify at trial." *United States v. Sellers*, 275

1  F.R.D. 620, 622 (D. Nev. 2011) (quoting *United States v. Reyes*, 162 F.R.D. 468, 469 (S.D.N.Y.

2  1995)).

3      Rule 17(c)(1) governs the production of documents and objects, and provides:

4      A subpoena may order the witness to produce any books, papers, documents, data,
   or other objects the subpoena designates. The court may direct the witness to
5      produce the designated items in court before trial or before they are to be offered in
   evidence. When the items arrive, the court may permit the parties and their
6      attorneys to inspect all or part of them.

7      Although Rule 17 is not a discovery device, it may be used to obtain evidentiary materials.

8  *Sellers*, 275 F.R.D. at 622-23 (citing *United States v. Nixon*, 418 U.S. 683, 689, 699-700 (1974)).

9  Leave of the court is required for a pretrial subpoena under Rule 17(c)(1) in criminal proceedings.

10  *Id.* at 623. Granting a pretrial subpoena under Rule 17(c)(1) is "committed to the sound discretion

11  of the trial court since the necessity for the subpoena most often turns upon a determination of

12  factual issues." *Nixon*, 418 U.S. at 702.

13  **III.    DISCUSSION**

14      The Court finds that Defendant has met his burden of establishing that the requested

15  documentation is not otherwise procurable by Defendant prior to trial and that the application was

16  made in good faith. The Court also finds that the application and supporting affidavit were

17  appropriately filed *ex parte* and should remain sealed to protect the mental impressions and trial

18  strategy of defense counsel.

19      The Court agrees that the requested medical information is not protected by HIPAA or by

20  physician-patient evidentiary privilege, as none exists in federal common law. *See Whalen v. Roe*,

21  429 U.S. 589, 602 n.28 (1977) ("The physician-patient evidentiary privilege is unknown to the

22  common law."). HIPPA permits disclosure of medical records for judicial proceedings in response

23  to court order. 45 C.F.R. § 162.512(e). While the covered entity may disclose these records without

24  written authorization from the individual subject of the disclosure or giving the individual an

25  opportunity to agree or object to the disclosure, the Court may still require that such notice be

26  given. *See Reed v. Williams*, Case No. CIV S-05-0060 RRB GGH P., 2007 WL 2140506, at * 7

27  (E.D. Cal. July 25, 2007). The Court finds that notice to Ms. Abel's estate and/or representative

28  and an opportunity to object to the requested subpoena is appropriate in this circumstance.

Finally, while the Defendant has established that at least on some level, Ms. Abel's prescription drug history is relevant, the Court is not convinced that Ms. Abel's entire medical history for a 34-month period is. Accordingly, the Court shall limit and modify the requested subpoena to only her prescription drug history and only for the days her credibility and reliability of her testimony is to be tested: January 31, 2018 (the day of Prior's alleged confession to her); February 1 and 2, 2018 (the days she was interviewed by officers); and September 21, 2020 (the day of her Rule 15 deposition). This necessarily will likely include a 30-day period of use as Defense articulates that most Schedule II drugs are prescribed in 30-day amounts without refills. While Defendant cites *Hutton v. City of Martinez*, 219 F.R.D. 164 (N.D. Cal. 2003), in support of his request for Ms. Abel's entire medical record for the 34-month period, the Court finds the circumstances of that case are inapposite to the issue at hand: a prescription Ms. Abel may have been taking during the 31 months between her statements has not been shown to be relevant to whether she made credible and reliable statements on the dates in question.

Accordingly, the Court will exercise its wide discretion and grant Defendant's application for subpoenas with the above modifications.

## IV.    CONCLUSION

IT IS THEREFORE ORDERED that Defendant's *ex parte* motion for a subpoena (ECF No. 180-s, corrected at ECF No. 183-s) is **GRANTED**.

IT IS FURTHER ORDERED that a subpoena be issued for the witnesses named below, and that the fees and expenses for the witnesses so subpoenaed shall be paid as if subpoenaed on behalf of the Government, the Court being satisfied that the Defendant is financially unable to pay the fees and expenses of this witness and the presence of this witnesses is necessary to an adequate defense.

IT IS FURTHER ORDERED that the persons to whom the subpoena is directed shall produce the names and doses of any prescription medication that Delores Renae Abel (DOB: 8/11/1967; SSN: 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), was prescribed for use on the following days: January 31, 2018, February 1 and 2, 2018, and September 21, 2020.

///

**Witnesses:**

1. Custodian of Records
   Dr. Tejvir Singh
   Cancer Care Specialists
   5423 Reno Corporate Drive
   Reno, NV 89511

2. Custodian of Records
   Renown Hospital
   850 Harbor Way
   Mail Code B3
   Reno, NV 89502

IT IS FURTHER ORDERED that defense counsel shall serve Ms. Abel's estate and/or representative with the issued subpoena and this Order and her estate and/or representative is advised that they have the right to object to production of Ms. Abel's medical records. If they desire to object, they should file a written objection with the Court setting forth their specific objections no later than **Monday, February 15, 2021**.[2]  The Court will expeditiously consider and rule on any objections prior to disclosure of the subpoenaed information. This Order is **SEALED**; therefore, the information contained within this Order and the attached subpoena are not to be disclosed to the Government.

IT IS FURTHER ORDERED that all documents shall be deposited with the Clerk of Court, *see* note 2, who shall hold the records for *in camera* review. If the Court finds that disclosure is appropriate, it will inform the parties that the documents are available and permit counsel for both sides to inspect them, as contemplated by Rule 17(c)(1). The Court will also fashion a protective order for any medical information disclosed.

///

///

///

///

///

---

[2] Please mail objections and subpoenaed materials with a copy of the subject subpoena to:
   Clerk of Court, Attn Katie Ogden
   U.S. District Court for the District of Nevada
   400 S. Virginia St.
   Reno, NV 89501

1    IT IS FURTHER ORDERED that the application on this matter and this Order are hereby

2    **SEALED** until further order of the Court.

3    IT IS SO ORDERED.

4

5    DATED this 15th day of January, 2021.

6    _____
     LARRY R. HICKS
7    UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28