UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 3:18-cr-00019-LRH-CLB |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| STONEY PRIOR, | |
| Defendant. | |

On January 15, 2021, the Court issued a sealed *ex parte* order granting Defendant's motion for the issuance of a subpoena *duces tecum* for the medical records of Government witness, Delores Abel. ECF No. 186-s.[1] In this Order, the Court directed the Custodians of Record for Renown Hospital and Dr. Tejvir Singh at Cancer Care Specialists to send the subpoenaed material directly to the Court for *in camera* review. *Id.* The Court also permitted Delores Abel's estate and/or representative to object to the requested subpoena. *Id.* Having been served the issued subpoena and the Court's order, Ms. Abel's family emailed the Federal Public Defender's Office ("FPDs") on February 14, 2021, indicating that the family had "[u]nanimously decided against releasing any medical records." ECF No. 190-1-s.

As of June 21, 2021, the Court had not yet received any medical records to review and issued a sealed *ex parte* order for a status report from defense counsel. ECF No. 191-s. On June 25, 2021, defense counsel responded that both Renown Hospital and Dr. Singh had produced the medical records directly to the Federal Public Defender's Office, on May 9, 2021, and May 6, 2021, respectively. ECF No. 193-s. Also on June 25, the FPD's Office deposited a single, unmarked thumb drive in the Court Clerk's mailbox containing the medical records for the Court

---
[1] The "-s" designates that the filing is under seal.

1

to review. The Court's Clerk then made a note on the docket and provided the thumb drive to chambers for review.

Having reviewed the content contained on the thumb drive provided, it appeared that only the records from Dr. Singh's office had been produced. Therefore, during the July 1, 2021 status conference with both parties, the Court ordered defense counsel to produce the Renown records to the Court for review. ECF No. 197. Defense counsel again deposited an unmarked thumb drive with the Courtroom Deputy on July 2, 2021, however, upon review, again these records appeared to only contain records from Dr. Singh's office. The Court's Deputy emailed defense counsel directing them to review the situation and provide a report to the Court by noon on July 6, 2021. Having discussed the situation with its staff, defense counsel provided that it had only received records from Dr. Singh and not from Renown and had produced all of the records it had received to the Court. ECF No. 199-s.

The Court has reviewed the records from Dr. Singh and finds that there is no reason these records should not be produced to both sides in their entirety.

IT IS THEREFORE ORDERED that defense counsel provide copies of all of the subpoenaed records it has received from Dr. Singh at Cancer Care Specialists to Government counsel no later than **5:00 pm, on July 13, 2021**.

IT IS FURTHER ORDERED that while the parties may review the records in their entirety, both sides are bound by the limitations the Court articulated in its previous order, ECF No. 186-s, attached here as Exhibit 1. The Clerk of Court is ORDERED to unseal ECF No. 186.

IT IS FURTHER ORDERED that Ms. Abel's medical records are hereby governed by a **PROTECTIVE ORDER** and will be under seal subject to further order of the Court. In the future, the parties are directed to file anything that contains any reference to her medical records under seal with service only upon opposing counsel and are ORDERED to take all necessary precautions to protect the inherent confidentiality of the material contained within the medical records. The Court has reviewed the family's objection (ECF No. 190-s) and while it is sympathetic, the Court finds that there is no legal reason or privilege that her records should not be disclosed to the parties

for the limited purpose the Court has articulated. The family's objection is therefore **OVERRULED**.

If the parties feel the need for a status conference on any issues discussed herein, the parties are to reach out to the Court's Deputy.

IT IS SO ORDERED.

DATED this 12th day of July, 2021.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

# Exhibit 1

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 3:18-cr-00019-LRH-CLB |
|---|---|
| Plaintiff, | |
| v. | SEALED ORDER |
| STONEY PRIOR, | |
| Defendant. | |

Before the Court is Defendant Stoney Prior's *ex parte* application and affidavit in support of the issuance of subpoenas pursuant to Federal Rule of Criminal Procedure 17(a) and 17(b) AND Local Rule of Criminal Practice 17-1, filed under seal. ECF No. 183-s.[1] For the reasons contained within this Order, the Court Orders the subpoenas issued with the modifications contained herein.

**I.   BACKGROUND**

On September 3, 2020, the Grand Jury returned a superseding indictment on two counts of Second-Degree Murder Within Indian Country, pursuant to 18 U.S.C. §§ 1111, 1151, 1153, for the killings of A.S. and A.H., two Native American women on the tribal lands of the Fort McDermitt Indian Reservation on or about January 31, 2018. ECF No. 105. Trial is now set for August 9, 2021, with jury selection to take place in Elko, Nevada, on August 5 and 6, 2021. ECF No. 178.

On December 10, 2020, Defendant filed an *ex parte* application and affidavit in support of the issuance of subpoenas. ECF No. 180-s; corrected ECF No. 183-s. The proposed subpoenas requested the production of medical records of Delores Abel. Ms. Abel is a now-deceased

---

[1] The "-s" designates that the filing is under seal.

government witness who testified at a Rule 15 deposition on September 21, 2020. During the deposition, Ms. Abel articulated that she had stage IV cancer, and had come directly from the hospital to testify. ECF No. 183-2-s at 22, 25. She also indicated that she was on pain medications, though she could not recall the specifics of the medications, and was currently in pain as she was testifying. *Id.* at 17, 22.

Having concerns regarding this subpoena, the Court ordered the Defendant to show cause why (1) Ms. Abel's medical records are not protected by HIPAA and doctor-patient confidentiality; (2) Defendant's request for her medical records over a three year period is not overly broad; (3) Ms. Abel's estate and/or legal representative should not be given notice and the opportunity to object to the requested subpoena before it is issued; and (4) the Government should not have the option to respond and argue against this subpoena. ECF No. 184-s. The Court further Ordered that Defendant show cause why any part of Ms. Abel's medical history is relevant and material to this case, and necessary to an adequate defense. *Id.* Defendant responded arguing that neither HIPAA nor physician-patient privilege protects Ms. Abel's medical records; that there is no requirement that Ms. Abel's estate be given notice or an opportunity to object to the requested subpoena; and that Ms. Abel's prescription drug use is relevant and material as it relates to her credibility and impeaching the reliability of her testimony. ECF No. 185-s.

**II.     LEGAL STANDARD**

Prior filed his application for subpoena under Federal Rule of Criminal Procedure 17, which governs issuance of subpoenas in criminal proceedings. Rule 17(a) states that a subpoena "must state the court's name and the title of the proceeding, including the seal of the court, and command the witness to attend and testify at the time and place the subpoena specifies." Rule 17(b) permits *ex parte* applications "if the defendant shows an inability to pay the witness's fees and necessity of the witness's presence for an adequate defense." This District has previously stated that "the *ex parte* nature of a Rule 17(b) application serves to put a defendant on equal footing with the Government because the Government is not required to give a defendant notice as to those witnesses that it intends to subpoena to testify at trial." *United States v. Sellers*, 275

1  F.R.D. 620, 622 (D. Nev. 2011) (quoting *United States v. Reyes*, 162 F.R.D. 468, 469 (S.D.N.Y.
2  1995)).

3      Rule 17(c)(1) governs the production of documents and objects, and provides:

4      A subpoena may order the witness to produce any books, papers, documents, data,
      or other objects the subpoena designates. The court may direct the witness to
5      produce the designated items in court before trial or before they are to be offered in
      evidence. When the items arrive, the court may permit the parties and their
6      attorneys to inspect all or part of them.

7      Although Rule 17 is not a discovery device, it may be used to obtain evidentiary materials.
8  *Sellers*, 275 F.R.D. at 622-23 (citing *United States v. Nixon*, 418 U.S. 683, 689, 699-700 (1974)).
9  Leave of the court is required for a pretrial subpoena under Rule 17(c)(1) in criminal proceedings.
10 *Id.* at 623. Granting a pretrial subpoena under Rule 17(c)(1) is "committed to the sound discretion
11 of the trial court since the necessity for the subpoena most often turns upon a determination of
12 factual issues." *Nixon*, 418 U.S. at 702.

13 **III.    DISCUSSION**

14     The Court finds that Defendant has met his burden of establishing that the requested
15 documentation is not otherwise procurable by Defendant prior to trial and that the application was
16 made in good faith. The Court also finds that the application and supporting affidavit were
17 appropriately filed *ex parte* and should remain sealed to protect the mental impressions and trial
18 strategy of defense counsel.

19     The Court agrees that the requested medical information is not protected by HIPAA or by
20 physician-patient evidentiary privilege, as none exists in federal common law. *See Whalen v. Roe*,
21 429 U.S. 589, 602 n.28 (1977) ("The physician-patient evidentiary privilege is unknown to the
22 common law."). HIPPA permits disclosure of medical records for judicial proceedings in response
23 to court order. 45 C.F.R. § 162.512(e). While the covered entity may disclose these records without
24 written authorization from the individual subject of the disclosure or giving the individual an
25 opportunity to agree or object to the disclosure, the Court may still require that such notice be
26 given. *See Reed v. Williams*, Case No. CIV S-05-0060 RRB GGH P., 2007 WL 2140506, at * 7
27 (E.D. Cal. July 25, 2007). The Court finds that notice to Ms. Abel's estate and/or representative
28 and an opportunity to object to the requested subpoena is appropriate in this circumstance.

1         Finally, while the Defendant has established that at least on some level, Ms. Abel's prescription drug history is relevant, the Court is not convinced that Ms. Abel's entire medical history for a 34-month period is. Accordingly, the Court shall limit and modify the requested subpoena to only her prescription drug history and only for the days her credibility and reliability of her testimony is to be tested: January 31, 2018 (the day of Prior's alleged confession to her); February 1 and 2, 2018 (the days she was interviewed by officers); and September 21, 2020 (the day of her Rule 15 deposition). This necessarily will likely include a 30-day period of use as Defense articulates that most Schedule II drugs are prescribed in 30-day amounts without refills. While Defendant cites *Hutton v. City of Martinez*, 219 F.R.D. 164 (N.D. Cal. 2003), in support of his request for Ms. Abel's entire medical record for the 34-month period, the Court finds the circumstances of that case are inapposite to the issue at hand: a prescription Ms. Abel may have been taking during the 31 months between her statements has not been shown to be relevant to whether she made credible and reliable statements on the dates in question.

        Accordingly, the Court will exercise its wide discretion and grant Defendant's application for subpoenas with the above modifications.

**IV.  CONCLUSION**

        IT IS THEREFORE ORDERED that Defendant's *ex parte* motion for a subpoena (ECF No. 180-s, corrected at ECF No. 183-s) is **GRANTED**.

        IT IS FURTHER ORDERED that a subpoena be issued for the witnesses named below, and that the fees and expenses for the witnesses so subpoenaed shall be paid as if subpoenaed on behalf of the Government, the Court being satisfied that the Defendant is financially unable to pay the fees and expenses of this witness and the presence of this witnesses is necessary to an adequate defense.

        IT IS FURTHER ORDERED that the persons to whom the subpoena is directed shall produce the names and doses of any prescription medication that Delores Renae Abel (DOB: 8/11/1967; SSN: 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), was prescribed for use on the following days: January 31, 2018, February 1 and 2, 2018, and September 21, 2020.

///

4

**Witnesses:**

1. Custodian of Records
   Dr. Tejvir Singh
   Cancer Care Specialists
   5423 Reno Corporate Drive
   Reno, NV 89511

2. Custodian of Records
   Renown Hospital
   850 Harbor Way
   Mail Code B3
   Reno, NV 89502

IT IS FURTHER ORDERED that defense counsel shall serve Ms. Abel's estate and/or representative with the issued subpoena and this Order and her estate and/or representative is advised that they have the right to object to production of Ms. Abel's medical records. If they desire to object, they should file a written objection with the Court setting forth their specific objections no later than **Monday, February 15, 2021**.[2] The Court will expeditiously consider and rule on any objections prior to disclosure of the subpoenaed information. This Order is **SEALED**; therefore, the information contained within this Order and the attached subpoena are not to be disclosed to the Government.

IT IS FURTHER ORDERED that all documents shall be deposited with the Clerk of Court, *see* note 2, who shall hold the records for *in camera* review. If the Court finds that disclosure is appropriate, it will inform the parties that the documents are available and permit counsel for both sides to inspect them, as contemplated by Rule 17(c)(1). The Court will also fashion a protective order for any medical information disclosed.

///

///

///

///

///

---

[2] Please mail objections and subpoenaed materials with a copy of the subject subpoena to:
Clerk of Court, Attn Katie Ogden
U.S. District Court for the District of Nevada
400 S. Virginia St.
Reno, NV 89501

5

1     IT IS FURTHER ORDERED that the application on this matter and this Order are hereby

2 **SEALED** until further order of the Court.

3     IT IS SO ORDERED.

4

5     DATED this 15th day of January, 2021.

6                                                              _____
                                                               LARRY R. HICKS
7                                                              UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28