UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| UNITED STATES OF AMERICA, | Case No. 3:18-cr-00019-LRH-CLB |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| STONEY PRIOR, | |
| Defendant. | |

On February 14, 2018, Defendant Stoney Prior was indicted on two counts of First-Degree Murder Within Indian Country, pursuant to 18 U.S.C. §§ 1111, 1151, 1153, for the killings of A.S. and A.H., two Native American women, on the tribal lands of the Fort McDermitt Indian Reservation on or about January 31, 2018. ECF No. 12. The Grand Jury returned a superseding indictment on September 3, 2020, on two counts of Second-Degree Murder Within Indian Country, pursuant to 18 U.S.C. §§ 1111, 1151, 1153. ECF No. 105. Trial is set to begin August 9, 2021, with jury selection to take place in Elko, Nevada on August 5 and 6, 2021. ECF No. 178.

The following motions in limine are before the Court: (1) the Government's motion to admit the video and audio recording and the written transcript of the Rule 15 deposition of Delores Abel (ECF No. 205); (2) the Government's motion to cross-examine Defendant on his prior felony conviction (ECF No. 215); (3) the Government's motion to exclude Defendant's self-serving statements (ECF No. 221); (4) the Government's motion to permit family inclusion (ECF No. 223); (5) and Defendant's motion to exclude prejudicial references to Mr. Prior (ECF No. 227). All motions have been fully briefed and the Court's ruling on each motion now follows.

///

## I.     LEGAL STANDARD

A motion *in limine* is "used to preclude prejudicial or objectionable evidence before it is presented to the jury." Stephanie Hoit Lee & David N. Finley, *Federal Motions in Limine* § 1:1 (2019). The decision on a motion in limine is consigned to the district court's discretion— including the decision of whether to rule before trial at all. *See Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (noting that a court may wait to resolve the evidentiary issues at trial, where the evidence can be viewed in its "proper context").  Motions in limine should not be used to resolve factual disputes or to weigh evidence, and evidence should not be excluded prior to trial unless the "evidence is clearly inadmissible on all potential grounds." *Indiana Ins. Co. v. Gen. Elec. Co*., 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).  Even then, rulings on these motions are not binding on the court, and the court may change such rulings in response to developments at trial. *See Luce v. United States*, 469 U.S. 38, 41-42 (1984).

Generally, all relevant evidence is admissible. FED. R. EVID. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence." FED. R. EVID. 401. The determination of whether evidence is relevant to an action or issue is expansive and inclusive. *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384-87 (2008). However, the court may exclude otherwise relevant evidence "if its probative value is substantially outweighed by the danger of" unfair prejudice. FED. R. EVID. 403.  Further, evidence may be excluded when there is a significant danger that the jury might base its decision on emotion, or when non-party events would distract reasonable jurors from the real issues in a case. *See Tennison v. Circus Circus Enterprises, Inc*., 244 F.3d 684, 690 (9th Cir. 2001); *United States v. Layton*, 767 F.2d 549, 556 (9th Cir. 1985).

## II.     DISCUSSION

### A.  The Government's motion to admit the audio and video recordings and transcript of Delores Abel's Rule 15 deposition is granted with the below redactions.

On September 21, 2021, the parties took the Rule 15 deposition of Delores Abel in anticipation that she may be unavailable during trial. The deposition was video and audio recorded and a transcript was prepared. The Government now seeks to admit this deposition under Federal

Rule of Evidence 804(b). ECF No. 205. The Defendant does not object to the admission but does object as to two parts of the proceeding: (1) when the witness identified the Defendant as wearing an "orange outfit", and (2) the Court's comments when it sustained a Government objection. ECF No. 238.

Pursuant to Rule 804, an out-of-court statement offered for the truth of the matter asserted, may be admitted if the declarant is unavailable, and the declarant's statement "was given as a witness at a trial, hearing, or lawful deposition," and "is now offered against a party who had . . . an opportunity and similar motive to develop it by direct, cross-, or redirect examination." FED. R. EVID. 804. Here, Ms. Abel is unavailable as she is now deceased. FED. R. EVID. 804(a)(4) (declarant "cannot be present or testify at the trial or hearing because of death"). And her statement was taken during a lawful deposition, in which Ms. Abel was sworn in under oath. The Defendant was present with counsel and had a full and fair opportunity to develop the record and cross-examine her. The Court further presided over the deposition and ruled in real time on any objections. The deposition is therefore admissible.

However, the Court agrees with the Defendant that certain redactions should be made. First, the Court orders the Government to redact Ms. Abel's statement that the Defendant was wearing an "orange outfit" so that the jurors will not draw an improper inference that Defendant is in custody. *See* Transcript, page 10, line 2 through line 5; Video, 3:30:31-3:30:40. Second, the Court agrees that its comments related to the Government's objection should also be redacted so as not give the jury any indication that the Court has judged Ms. Abel's credibility or vouched for her in anyway. *See* Transcript, page 26, line 1, starting with "She's being ---" through line 4; Video, 3:49:08-3:49:20.

**B. The Government's motion to cross examine defendant on his prior felony conviction is denied without prejudice.**

The Government seeks to cross examine Defendant, should he choose to testify, on his prior felony conviction for assault with the intent to commit rape, pursuant to Federal Rule of Evidence 609; or alternatively, to inquire about the fact that Defendant has a prior felony

1    conviction. ECF No. 215. Defendant opposes arguing that the probative value of cross-examining
2    Prior on this conviction does not substantially outweigh its prejudicial effect. ECF No. 232.

3        Federal Rule of Evidence 609(a)(1) permits the introduction of prior convictions against
4    the accused as a witness when the crime was punishable by imprisonment for more than one year
5    and the probative value of the evidence outweighs its prejudicial effect. Convictions greater than
6    ten years old, based on the latter of the date of conviction or the date of release from confinement,
7    are generally excluded under Rule 609(b), unless the Court determines that "its probative value,
8    supported by specific facts and circumstances, *substantially* outweighs its prejudicial effect." FED.
9    R. EVID. 609(b)(1) (emphasis added). The following factors aid the Court in balancing the
10   probative value against the prejudicial effect of the evidence: "(1) the impeachment value of the
11   prior crime; (2) the point in time of the conviction and witness' subsequent history; (3) the
12   similarity between the past crime and the charged crime; (4) the importance of the defendant's
13   testimony; and, (5) the centrality of the defendant's credibility." *United States v. Browne*, 829 F.2d
14   760, 762-63 (9th Cir. 1987).

15       The Court finds the prudent course of action is to decline to issue any ruling unless and
16   until Prior decides to testify. *Id.* at 762 (citing *United States v. Kennedy*, 714 F.2d 968, 975 (9th
17   Cir. 1983)) ("[W]here an advanced ruling requires speculation by the district court concerning
18   what the defendant will say while on the stand, it is well within the district court's discretion to
19   refuse to issue a ruling prior to hearing the defendant's actual, in court testimony."). Therefore, the
20   Government's motion is denied without prejudice. Should Defendant choose to testify, the Court
21   will rule on such a motion when it can do so in the context of trial.

22   **C. The Government's motion to exclude Defendant's self-serving statements is denied**
23       **without prejudice.**

24       The Government moves to exclude Defendant's self-serving statements—in relevant part,
25   his statements from the January 31, 2018 and February 3, 2018 custodial interviews, and any jail
26   calls to family and friends—in which he denies murdering the victims A.S. and A.H as
27   inadmissible hearsay. ECF No. 221. The Defendant opposes arguing that these statements are
28   admissible (1) under Federal Rule of Evidence 106 and the common law rule of completeness; (2)

as excited utterances, present sense impressions, and statements going to his state of mind pursuant to Federal Rule of Evidence 803(1)-(3); or (3) if not offered for the truth of the matter asserted. ECF No. 228. The Defendant further argues that the Government's motion is moot if Defendant chooses to testify and that under his Sixth Amendment right to confrontation and to prepare a defense, he must be permitted to question witnesses about his out of court statements to the extent needed to fully explore possible grounds for impeachment and to pursue his theory of defense. *Id.*

As it is unclear whether the Defendant will testify and which if any of Defendant's statements he would seek to introduce at trial, any ruling on this issue is premature and inappropriate for a motion in limine. Accordingly, the Court denies without prejudice the Government's motion and reserves any such ruling for trial when the evidence can be adjudged in context.

**D.  The Government's motion to permit family inclusion is granted.**

The mother and brother of A.S., a deceased victim in this case, have been subpoenaed by the Defendant to testify at trial. Defendant seeks to invoke the rule of exclusion as to both witnesses arguing that because these witnesses are both necessary for its defense and hostile, their testimony is more susceptible to influence than the testimony of disinterested witnesses and it is highly likely that they will materially alter their testimony out of bias in order to align their answers with the Government's theory of prosecution and undermine the defense's theory. ECF No. 233. Conversely, the Government seeks a Court order that both victims may attend trial in full. ECF No. 223.

Pursuant to Federal Rule of Evidence 615, a nonparty witness may be excluded from hearing the testimony of other witnesses, except when "authorized by statute to be present." FED. R. EVID. 615(d). Under the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, a victim has the "right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that the testimony by the victim would be materially altered if the victim heard other testimony at that proceeding." 18 U.S.C. § 3771(a)(3). Before excluding a victim, the Court "shall make every effort to permit the fullest attendance

possible by the victim and shall consider reasonable alternatives to the exclusion of the victim from the criminal proceeding." *Id.* § 3771(b)(1).

Here, A.S.'s mother and brother are clearly victims within the meaning of the CVRA. *Id.* § 3771(e)(2)(B) (articulating that in the case of a deceased person, family members "may assume the crime victim's rights under this chapter"). Defendant has failed to provide clear and convincing evidence that the mother and brother of A.S. will materially alter their testimony; in fact, Defendant has not supported his argument with any evidence of any kind or articulated the testimony he intends to solicit from these witnesses. The "mere *possibility* that a victim-witness may alter his or her testimony as a result of hearing others testify is . . . insufficient to justify excluding him or her from trial." *In re Mikhel*, 453 F.3d 1137, 1139 (9th Cir. 2006) (emphasis in original). Accordingly, the Court grants the Government's motion. However, the Defendant may make a motion to exclude the witnesses should he make a proffer "by clear and convincing evidence that it is *highly likely*, not merely *possible*, that the victim-witness will alter his or her testimony." *Id.* (emphasis in original). The Court will then determine if exclusion is the most appropriate remedy and consider reasonable alternatives.

**E.  Defendant's motion in limine to exclude prejudicial references to Mr. Prior is denied without prejudice.**

The Defendant motions the Court to preclude any reference to Defendant's status as a sex offender, child molester, or rapist. ECF No. 227. When the Defendant made the same motion previously, the Government, in response, articulated that it intends to have witnesses G.C. and R.S. testify that Defendant confessed to them that he killed A.H. and A.S., and he did so because they were "calling him a molester," a "child molester," and a "rapist." The Court denied Defendant's motion finding that the statements are admissible pursuant to Federal Rule of Evidence 801(d)(2) (opposing party's statements). ECF No. 179. Here, the Defendant argues that the Court did not properly weigh the prejudicial effect such evidence could have and seeks the Court's reconsideration. Sex offenses and the corresponding nomenclature are inherently prejudicial; however, in these circumstances, the Court finds that the probative value of eliciting the Defendant's motive for committing the murders, whether for a general intent or specific intent

crime, and fully articulating his confession to two different witnesses, outweighs the prejudicial effect of doing so. The Court again suggests that the parties discuss a mutually agreed upon cautionary instruction for the Court to give. Defendant may also renew his motion during trial, and the Court may alter its ruling based on the context in which the statements are presented.

**III.   CONCLUSION**

IT IS THEREFORE ORDERED that the Government's motion in limine to admit the audio and video recordings and transcript of Delores Abel's Rule 15 deposition (ECF No. 205) is **GRANTED with the above noted redactions.**

IT IS FURTHER ORDERED that the Government's motion in limine to cross-examine the Defendant on his prior felony conviction (ECF No. 215) is **DENIED without prejudice**.

IT IS FURTHER ORDERED that the Government's motion in limine to exclude Defendant's self-serving statements (ECF No. 221) is **DENIED without prejudice**.

IT IS FURTHER ORDERED that the Government's motion in limine to permit family inclusion (ECF No. 223) is **GRANTED**; A.S.'s mother and brother will not be excluded from trial at this time.

IT IS FURTHER ORDERED that Defendant's motion in limine to exclude prejudicial references to Mr. Prior (ECF No. 227) is **DENIED without prejudice**.

IT IS SO ORDERED.

DATED this 30th day of July, 2021.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE