UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STONEY PRIOR,<br><br>Defendant. | Case No. 3:18-cr-00019-LRH-CLB<br><br>ORDER |

On February 14, 2018, Defendant Stoney Prior was indicted on two counts of First-Degree Murder Within Indian Country, pursuant to 18 U.S.C. §§ 1111, 1151, 1153, for the killings of A.S. and A.H., two Native American women, on the tribal lands of the Fort McDermitt Indian Reservation on or about January 31, 2018. ECF No. 12. The Grand Jury returned a superseding indictment on September 3, 2020, on two counts of Second-Degree Murder Within Indian Country, pursuant to 18 U.S.C. §§ 1111, 1151, 1153. ECF No. 105. Trial is set to begin August 9, 2021, with jury selection to take place in Elko, Nevada on August 5 and 6, 2021. ECF No. 178.

On July 22, 2021, Defendant moved to exclude DNA and latent print evidence as irrelevant and lacking in probative value. ECF No. 226. The Government opposed, arguing that it may present evidence of the lack of DNA and print evidence to show, among other things, various aspects of the investigation. ECF No. 235. Having received the Government's response, the Defendant moved the same day to preclude the testimony of DNA experts, Jennifer Riley, Kindra Baum, and Stephen Gresko, arguing for the first time that the notice of expert witness was insufficient and must be precluded. ECF No. 237. At calendar call, Defendant sought an expedited briefing schedule on this motion, which the Court granted. ECF No. 239. Accordingly, the

Government responded (ECF No. 245), and Defendant replied (ECF No. 248). The Court's order on both motions now follows.

I.   DISCUSSION

   **A.  Defendant's motion in limine to exclude DNA and latent print evidence is denied.**

The Government has provided that it intends to call two expert witnesses, Jennifer Riley and Kindra Baum, to testify on the DNA testing conducted in this case, the results (or lack thereof), and the reason for the lack of results; and one expert witness, Elvira Koeder, who will testify about her attempts to retrieve latent fingerprints from various surfaces of evidence submitted in this case. ECF No. 235 at 2-3. Because the DNA and latent print analysis did not reveal the identity of any specific individual and were "inconclusive," Defendant seeks to exclude the testimony, arguing that it is not relevant, and whatever probativeness it may have is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and the risk of misleading the jury. ECF No. 226.

A motion *in limine* is "used to preclude prejudicial or objectionable evidence before it is presented to the jury." Stephanie Hoit Lee & David N. Finley, *Federal Motions in Limine* § 1:1 (2019). The decision on a motion in limine is consigned to the district court's discretion— including the decision of whether to rule before trial at all. *See Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (noting that a court may wait to resolve the evidentiary issues at trial, where the evidence can be viewed in its "proper context"). Motions in limine should not be used to resolve factual disputes or to weigh evidence, and evidence should not be excluded prior to trial unless the "evidence is clearly inadmissible on all potential grounds." *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). Even then, rulings on these motions are not binding on the court, and the court may change such rulings in response to developments at trial. *See Luce v. United States*, 469 U.S. 38, 41-42 (1984).

Generally, all relevant evidence is admissible. Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. The determination of whether evidence is relevant to an action or issue is expansive and inclusive. *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384-87

2

(2008). However, the court may exclude otherwise relevant evidence "if its probative value is substantially outweighed by the danger of" unfair prejudice. FED. R. EVID. 403. Further, evidence may be excluded when there is a significant danger that the jury might base its decision on emotion, or when non-party events would distract reasonable jurors from the real issues in a case. *See Tennison v. Circus Circus Enterprises, Inc.*, 244 F.3d 684, 690 (9th Cir. 2001); *United States v. Layton*, 767 F.2d 549, 556 (9th Cir. 1985).

First, the Government's expert attempted but was unable to retrieve latent prints from a firearm, its packaging, and unfired shotgun shells. The Defendant seeks to exclude the Government's latent print expert, arguing that the results have no relevance because they cannot make it more or less likely that Mr. Prior ever touched the gun, let alone fired it. ECF No. 226 at 4. The Ninth Circuit has previously held that it was not abuse of discretion for the trial court to permit an FBI agent to testify that there were no identifiable fingerprints found on a gun, that "identifiable fingerprints are almost never found on guns," and offer "possible explanations for the absence of such identifiable prints." *United States v. Burdeau*, 168 F.3d 352, 356-57 (9th Cir. 1999); *United States v. Feldman*, 788 F.2d 544, 554-555 (9th Cir. 1986) (finding it was not error when an FBI agent was allowed "to testify that, in his experience of two hundred robberies, surveillance cameras in the robbed bank worked about fifty per cent of the time, and fingerprints were recovered less than five per cent of the time."). The Court finds that the latent print testimony is relevant to show the investigation conducted in this case and the probative value of such testimony outweighs any prejudicial effect it may have. Further, just because the results were not conclusive does not make them *per se* irrelevant and the Court will not make such a ruling pretrial without the benefit of viewing the evidence in the context of the witness's testimony. The Court therefore denies Defendant's motion; but he may remotion the Court during trial.

Second, as to the DNA evidence, the Court again finds that permitting the Government to illicit the testimony is relevant to show the investigation conducted in this case. The Court is not persuaded that to allow the evidence will somehow suggest to the jury that the evidence is inculpatory. The Court is also not persuaded at this time that the evidence is impermissibly cumulative—it appears to the Court that the Government's two DNA experts will testify as to

3

discrete conduct, not simply reiterate the same testimony over. Should the testimony appear cumulative, Defendant may remotion the Court at that time. And the Court finds that the probative value of the evidence is not substantially outweighed by any potential prejudicial effect. Finally, like above, just because the results were not conclusive does not make them *per se* irrelevant and the Court will not make such a ruling pretrial without the benefit of viewing the evidence in the context of trial. The Court therefore denies Defendant's motion while permitting the Defendant to remotion or raise a similar objection at trial.

The Court notes that the Government has previously proffered that it does not intend to introduce evidence collected from the Defendant's bedroom; the Court takes that to include that it will not illicit testimony related to any DNA or latent print testing and analysis done on items collected from Defendant's bedroom. Should this proffer change, or the Defendant believes such evidence is at issue in the Government's case-in-chief, the parties should raise it with the Court so it can rule on the specific admissibility of the evidence.

**B. Defendant's motion to preclude testimony of DNA experts, Kindra Baum, Jennifer Riley, and Stephen Gresko, is denied.**

As to the Government's DNA experts, the Defendant separately moves to have them precluded for lack of adequate notice under Federal Rule of Criminal Procedure 16(a)(1)(G), or in the alternative, require the Government to supplement its disclosure. ECF No. 237. As the Government has indicated that Stephen Gresko is not going to testify and was only noticed as an expert because Kindra Baum was unable to testify during the previously set December 2020 trial date, the Court denies Defendant's motion as to Mr. Gresko as moot. *See* ECF No. 245 at 2 n.5.

On August 21, 2020, the Government provided the following written notice as to Jennifer Riley and Kindra Baum:

///

///

///

///

///

4

>Jennifer Riley will testify as an expert witness regarding the DNA results, or lack of DNA results and the reasons for a lack of results, and the methods of testing used in this case to help the trier of fact to understand the evidence and/or to determine facts at issue in this case. Ms. Riley will testify regarding her education, training and professional experience. The government expects Ms. Riley to testify consistent with her reports, case file and WSCO FSD's protocols relevant to this case. Ms. Riley's reports have been previously disclosed in discovery at Bates stamp USAO 1416-USAO 1420. Her curriculum vitae is attached as Exhibit C.
>. . . Kindra Baum will testify as an expert witness regarding the DNA results, or lack of DNA results and the reasons for a lack of results, and the methods of testing used in this case to help the trier of fact to understand the evidence and/or to determine facts at issue in this case. Ms. Baum will testify regarding her education, training and professional experience. The government expects Ms. Baum to testify consistently with her reports, case file and FBI's protocols relevant to this case. M[s]. Baum's reports have been previously disclosed in discovery at Bates stamp USAO 1437-USAO 1440. Her curriculum vitae is attached as Exhibit D.
>All of the reports referenced above and the accompanying bench notes from the laboratory testing has been previously disclosed in discovery at Bates stamp USAO 2435-USAO 2897.

ECF No. 95. It is not clear from the record whether Defendant requested such notice or if the Government provided this expert notice to the Defendant *sua sponte*.

In response, on October 21, 2020, the Defendant filed a notice of rebuttal expert witness, Dr. Elizabeth Johnson, pursuant to Rule 16:

>The defense intends to offer the expert testimony of Elizabeth Johnson, Ph.D. Dr. Johnson may testify, in rebuttal, depending on the testimony of Elvira Koeder, Jennifer Riley, Kindra Baum, and Stephen Gresko, criminalists with the Washoe County Sheriff's Office (WCSO) Forensic Science Division (ECF Nos. 95, 143), regarding the DNA results and the reasons for a lack of results, the methods of testing used and not used in this case, the standard operating procedures and validation summaries for DNA testing at the WCSO Forensic Science Division, and each criminalist's findings and conclusions, which were documented in reports (USAO 001252-55; USAO 001416029; USAO 001437-40) and underlying bench notes (USAO 002435-2897), all of which has been previously disclosed to the defense.
>Dr. Johnson's qualifications for such testimony are summarized in her curriculum vitae, which is attached hereto as Exhibit 1.

ECF No. 157.

Under Rule 16(a)(1)(G), "At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. . . . The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." FED. R. CRIM. P. 16(a)(1)(G). While Defendant

5

argues that the notice Government provided is insufficient under this rule, it did not request supplemental notice or raise the issue until a week before jury selection was set to being. The Defendant's exigency is of his own making—if the Defendant believed the Government's Rule 16 notice insufficient, it should have requested a more detailed disclosure from the Government more than the week before trial. Moreover, the Defendant has had the Government's notice, the experts' reports and test results, and retained a rebuttal expert, all almost a year before trial; again, more than enough time to request supplemental notice from the Government or raise the issue with the Court. Finally, if Defendant believed the Government's notice insufficient, he would not have provided his own notice of rebuttal expert witness using substantially similar language as the Government's notice, as doing so would also have been a violation of Rule 16.

The Court has fully addressed Defendant's relevancy arguments related to Federal Rules of Evidence 401 and 403 above and sees no need to reiterate its reasoning here. Accordingly, the Defendant's motion is denied.

## II.    CONCLUSION

IT IS THEREFORE ORDERED that Defendant's motion in limine to exclude DNA and latent print evidence (ECF No. 226) is **DENIED without prejudice.**

IT IS FURTHER ORDERED that Defendant's motion to preclude testimony of DNA experts (ECF No. 237) is **DENIED**.

IT IS SO ORDERED.

DATED this 3rd day of August, 2021.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE