**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 8 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10022 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-00019-LRH-CLB-1 |
| v. | |
| STONEY PRIOR, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted December 8, 2023
San Francisco, California

Before: BRESS and JOHNSTONE, Circuit Judges, and MOSKOWITZ,** District Judge.

Stoney Prior appeals his convictions for two counts of second-degree murder by an Indian in Indian Country, in violation of 18 U.S.C. §§ 1111(a) and 1153(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

Prior first claims that the evidence was insufficient to support his convictions. "We review de novo the sufficiency of the evidence." *United States v. Chang Ru Meng Backman*, 817 F.3d 662, 665 (9th Cir. 2016). We must reject a sufficiency challenge if, when "viewing the evidence in the light most favorable to the prosecution," a trier of fact could rationally vote to convict. *United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc) (citation omitted). The evidence against Prior was not merely sufficient but overwhelming. Two elements of the offenses were stipulated to at trial: that the murders occurred in Indian Country and that Prior was an Indian. As to the remaining elements, Prior made numerous statements admitting to the murders, a witness placed him with a long gun in the same vicinity as the crime scene shortly after the murders, and Prior in a recorded prison phone call discussed the "damage" he had done to the victims. Prior's sufficiency challenge lacks merit.

Prior contends that the prosecutor committed misconduct by cross-examining a defense expert with facts not in evidence, contrary to *United States v. Stinson*, 647 F.3d 1196, 1214 (9th Cir. 2011). Assuming, for the sake of the argument, that the prosecutor's questioning was improper under *Stinson*, we find that the questioning did not materially affect the fairness of the trial. *See United States v. Cabrera*, 201 F.3d 1243, 1246 (9th Cir. 2000) (providing that reversal for prosecutorial misconduct is warranted "only if it appears more probable than not

that prosecutorial misconduct materially affected the fairness of the trial" (quoting *United States v. Sayakhom*, 186 F.3d 928, 943 (9th Cir. 1999), *as amended*)). The defense expert's testimony on Prior's claimed compliant personality was largely unaffected by the questioning at issue. In any event, there was overwhelming evidence of Prior's guilt and little evidence supporting the theory that he agreed to falsely confess to the crimes. *See United States v. Weatherspoon*, 410 F.3d 1142, 1151 (9th Cir. 2005) (explaining prosecutorial misconduct is less likely to affect a case supported by strong evidence of guilt). The prosecutor's questioning did not deprive Prior of a fair trial.

Prior also raises several claims regarding the jury instructions. We review claims of error in the failure to give an instruction for abuse of discretion and assertions of legal error in instructions that were given de novo. *See United States v. Fries*, 781 F.3d 1137, 1146 (9th Cir. 2015) ("[W]hen jury instructions are challenged as misstatements of law, we review them *de novo*." (quoting *United States v. Cortes*, 757 F.3d 850, 857 (9th Cir. 2014))); *United States v. Brutzman*, 731 F.2d 1449, 1453 (9th Cir. 1984) (ruling that the district court did not abuse its "wide discretion" by refusing to give three requested instructions), *overruled on other grounds by United States v. Charmley*, 764 F.2d 675, 677 n.1 (9th Cir. 1985). We will assume that Prior was entitled to an instruction on his third-party-guilt defense. *See United States v. Sarno*, 73 F.3d 1470, 1485 (9th Cir. 1995) (detailing

3

that defendants are entitled to instruction on their theory of a case if the theory is supported by law and founded in evidence). But we find that the reasonable-doubt instruction adequately covered the issue. *See id.* ("We may nonetheless affirm the refusal to give an otherwise proper 'theory of the defense' instruction if the instructions actually given, taken as a whole, adequately encompass the defendant's theory.").

The jury was instructed to find Prior not guilty if it reasonably doubted whether he committed the murders. To properly follow the instructions and find Prior guilty, the jury could not reasonably doubt whether Prior, as opposed to a third party, committed the murders. It is reasonable to conclude that an additional instruction would have been superfluous. *See United States v. Del Toro-Barboza*, 673 F.3d 1136, 1147 (9th Cir. 2012) (finding a lack-of-knowledge theory covered by reasonable-doubt, mere-presence, and mens-rea instructions); *United States v. Govan*, 152 F.3d 1088, 1093 (9th Cir. 1998) (ruling that the defendant's request for an instruction requiring the government to disprove an "innocent explanation" for his conduct was covered by the instructions given because the requested instruction—as here—"can be reduced to the unremarkable assertion that the government must prove beyond a reasonable doubt that he committed the crimes in question").

The instruction on intent, which allowed the jury to infer "that a person

intends the natural and probable consequences of acts knowingly done or knowingly omitted," was proper. *See Am. Commc'ns Ass'n, C.I.O. v. Douds*, 339 U.S. 382, 411 (1950) (explaining that "the state of a man's mind must be inferred from the things he says or does" and that a person's "mental condition may be inferred" from his or her conduct). In any event, the evidence on intent to kill was overwhelming as both victims were fatally shot in their heads.

The district court properly exercised its discretion by declining to give Prior's proposed instruction on the government's role and by declining to play to the jury pool a ten-minute video on unconscious bias because the instructions adequately covered the topics. *See Sarno*, 73 F.3d at 1485. The jury received adequate instruction on unconscious bias.

Prior challenges the prosecutor's summation for the first time on appeal, and thus review is for plain error. *United States v. Laurins*, 857 F.2d 529, 539 (9th Cir. 1988). Prior has not satisfied that standard. The prosecutor permissibly discussed the evidence when mentioning that the victims were no "less deserving of justice." It is not plain that the prosecutor's comment on the jury's duty was improper. The prosecutor argued that the jury's duty was to convict because the law and evidence dictated that result. That argument is not improper. *See United States v. Gomez*, 725 F.3d 1121, 1131 (9th Cir. 2013) ("Read in context, the prosecutor was arguing that, *if* the jury finds that the prosecution has met its burden of proving the

elements beyond a reasonable doubt, *then* it is the jury's duty to convict. Understood in that way, the prosecutor's statement is clearly proper.").

Even assuming, for argument's sake, that any of the prosecutor's closing comments were improper, they neither "affected the jury's discharge of its duty to judge the evidence fairly," *United States v. Sullivan*, 522 F.3d 967, 982 (9th Cir. 2008) ("When prosecutorial misconduct is alleged, 'the issue is whether, considered in the context of the entire trial, that conduct appears likely to have affected the jury's discharge of its duty to judge the evidence fairly.'" (quoting *United States v. Henderson*, 241 F.3d 638, 652 (9th Cir. 2000))), nor caused "a miscarriage of justice," *Laurins*, 857 F.2d at 539 (providing that reversal for plain error is warranted "if necessary to prevent a miscarriage of justice or to preserve the integrity of the judicial process").

Last, we reject Prior's argument that cumulative errors deprived him of a fair trial. Prior received a fair trial and was convicted on overwhelming evidence. *See United States v. Lloyd*, 807 F.3d 1128, 1169 (9th Cir. 2015) (declining to reverse for cumulative error where evidence was "overwhelming").

**AFFIRMED.**